This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Heather Muster, appeals from a decision of the Summit County Court of Common Pleas, which ordered a $5000 set off from a $12,000 verdict rendered against Appellee Robert McCravy. We affirm.
 I.
{¶ 2} On October 25, 2001, Muster filed a complaint against Robert McCravy ("McCravy") and Donald Lowery ("Lowery"), seeking damages for physical injuries, which Muster alleged were caused by the negligence of the two defendants. Muster alleged that she was injured on October 29, 1999, when the vehicle she was driving ran over a bag of golf clubs which had fallen off McCravy's vehicle on Interstate 77. At the time of the accident, Muster was insured by Erie Insurance Co. ("Erie"). Erie intervened in the suit to recover $5000 it paid to Muster for her medical expenses, pursuant to her policy.
{¶ 3} Prior to trial, Muster dismissed her complaint against Lowery. McCravy's insurance carrier, Allstate Insurance Co. ("Allstate"), paid $5000 to Erie in settlement of its subrogation claim, and Erie was subsequently dismissed from the case. The matter proceeded to a jury trial on the remaining claim against McCravy. The jury returned a verdict in favor of Muster in the amount of $12,000. McCravy then filed a motion to set off the verdict by the $5000 Allstate had paid to Erie. A hearing was held on the motion on September 13, 2002. The trial court granted the motion. This appeal followed.
 II. First Assignment of Error "The trial court erred by granting a set off from the jury verdict to defendant-appellee [mccravy] for an amount voluntarily paid by his insurance company to erie insurance company for a subrogation when the trial record does not demonstrate that the jury verdict included the bills on which the erie subrogation was based, and when the jury verdict was less than the total medical bills presented by the plaintiff."
 Second Assignment of Error "The trial court erred by granting a set off from the jury verdict to the defendant-appellee when the defendant-appellee did not prove by jury interrogatory that its voluntary payment of a subrogated amount was for bills awarded by the jury to the plaintiff-appellant subrogor."
 Third Assignment of Error "The trial court erred by not determining that the defendant-appellee waived his right to set off by not objecting to the plaintiff-appellant's introduction of subrogated medical bills, as a means of preventing a double recovery of damages by the plaintiff-appellee."
 Fourth Assignment of Error "The trial court erred by granting a set off when the trial record showed no specification of which subrogated bills were included in the subrogation which the defendant-appellee voluntarily paid before trial."
{¶ 4} The four assignments of error are related and will be addressed together for ease of review. In her assignments of error, Muster argues that McCravy was not entitled to a set off of $5000 that his insurer had paid to Erie prior to trial because the jury awarded Muster less than her total medical expenses and there was no determination as to which medical bills were included within the jury's verdict. Muster argues that because McCravy failed to submit jury interrogatories to determine which bills comprised the award of damages and failed to object during trial to the introduction of the bills covering the $5000 payment, there is no way of knowing whether the jury's $12,000 damages included the $5000 medical expenses.
{¶ 5} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); Statev. Ishmail (1978), 54 Ohio St.2d 402, 405-406. This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; App.R. 9(B).
{¶ 6} The record on appeal in this case consists of the docket and journal entries from the trial court, a transcript of the hearing held on McCravy's motion for set off with an exhibit, and a transcript of a discussion held on the record prior to the commencement of the jury trial. Muster did not request nor file a complete transcript of the trial proceedings; therefore, the trial transcript is not part of the record on appeal.
{¶ 7} We find that all of Muster's assignments of error are dependent upon documents that are not included in the record on review. Muster's entire argument revolves around the assertion that the jury's verdict was for an amount that was less than the total amount of her claimed damages. Muster argues that because it is unclear whether the $5000 in medical expenses originally paid by Erie were included in the jury's assessment of damages, the trial court erred in ordering the set off. However, without a trial transcript, we cannot determine which bills for medical expenses, if any, were submitted to the jury.
{¶ 8} Without the complete record from the trial court, Muster has failed to demonstrate that the trial court erred when it granted McCravy's motion for set off. Accordingly, Muster's assignments of error are overruled.
 III.
{¶ 9} Having overruled Muster's assignments of error, we affirm the judgment of the Summit County Court of Common Pleas.
WHITMORE, J. and BATCHELDER, J. CONCUR.